IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:07-CR-46-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| ROBERT MICHAEL HAMILTON, | ) | |
| | ) | |
| Defendant. | ) | |

On May 8, 2007, pursuant to a written plea agreement, Robert Michael Hamilton ("Hamilton") pleaded guilty to possession with intent to distribute more than 100 kilograms of marijuana. See [D.E. 60, 61]. On November 6, 2007, the court held Hamilton's sentencing hearing. See [D.E. 125, 131]. At the hearing, the court adopted the facts set forth in the Presentence Investigation Report ("PSR"). See Fed. R. Crim. P. 32(i)(3)(A)-(B). The court calculated Hamilton's total offense level to be 31, his criminal history category to be VI, and his advisory guideline range to be 188 to 235 months' imprisonment. See [D.E. 208] 5–6. After granting the Government's motion under U.S.S.G. § 5K1.1, the court thoroughly considered all relevant factors under 18 U.S.C. § 3553(a), and sentenced Hamilton to 180 months' imprisonment. See id. at 6–8, 11–18.

On July 21, 2017, Hamilton moved for a sentence reduction under 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and Amendment 782 to the Sentencing Guidelines. See [D.E. 221]. Hamilton is a career offender; therefore, he is not eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and Amendment 782. See, e.g.; PSR ¶ 43; United States v. Woods, 675 F. App'x 347, 347 (4th Cir. 2017) (per curiam) (unpublished); United States v. Avent, 633 F.

App'x 176 (4th Cir. 2016) (per curiam) (unpublished). Thus, the motion is denied.

Alternatively, even if the court has discretion to reduce Hamilton's sentence, the court would decline to do so. See, e.g., Dillon v. United States, 560 U.S. 817, 827 (2010); United States v. Peters, 843 F.3d 572, 574 (4th Cir. 2016); United States v. Patterson, 671 F. App'x 105, 105–06 (4th Cir. 2016) (per curiam) (unpublished); United States v. Cole, 618 F. App'x 178, 178–79 (4th Cir. 2015) (per curiam) (unpublished); United States v. Thomas, 546 F. App'x 225, 225–26 (4th Cir. 2013) (per curiam) (unpublished); United States v. Perez, 536 F. App'x 321, 321 (4th Cir. 2013) (per curiam) (unpublished); United States v. Smalls, 720 F.3d 193, 195–97 (4th Cir. 2013); United States v. Mann, 709 F.3d 301, 306–07 (4th Cir. 2013); United States v. Stewart, 595 F.3d 197, 200 (4th Cir. 2010). In deciding whether to reduce Hamilton's sentence, the court finds that Hamilton engaged in serious criminal behavior. See PSR ¶¶ 6–20. Moreover, Hamilton is a recidivist who has multiple serious convictions for a variety of crimes. See id. ¶¶ 22–39. Hamilton also has performed poorly on supervision and has a spotty work history. See id. ¶¶ 31, 32, 53–62. Hamilton also has a serious substance abuse problem. See id. ¶ 51.

Having reviewed the entire record and all relevant policy statements, the court finds that Hamilton received the sentence that was "sufficient, but not greater than necessary" under 18 U.S.C. § 3553(a). Further reducing Hamilton's sentence would threaten public safety in light of his serious criminal conduct and criminal history. Cf. U.S.S.G. § 1B1.10, cmt. n.1(B)(ii). Thus, the court denies Hamilton's motion for reduction of sentence under Amendment 782. See, e.g., Patterson, 671 F. App'x at 105–06; Cole, 618 F. App'x at 178–79; Thomas, 546 F. App'x at 225–26; Perez, 536 F. App'x at 321.

In sum, the court DENIES Hamilton's motion for reduction of sentence [D.E. 221].

SO ORDERED. This **28** day of November 2017.

                                                  JAMES C. DEVER III
                                                  Chief United States District Judge